## Peters v. Sun Ray Drug Co.

*James Fitzcharles* and *John Leslie Kilcoyne*, for plaintiffs.

*Hale Pratt*, for defendants.

BIESTER, P.J., January 3, 1966.—This matter is before us following argument before the court en banc

arising out of a petition for a protective order filed by defendants under Pennsylvania Rule of Civil Procedure 4012.

All of the present plaintiffs were arrested pursuant to charges lodged against them by one Ralph Feinman, an employe of Sun Ray Drug Company, LeRoy Peters having been charged with the offense of receiving stolen goods, and Matilda Peters and Patricia Moeller with the offenses of larceny and receiving stolen goods. On February 27, 1963, a jury returned a verdict of not guilty as to all of the present plaintiffs. On January 28, 1964, plaintiffs filed the present action against Rockower Bros., Inc. and Sun Ray Drug Company as separate actions seeking recovery of damages for false arrest and malicious prosecution.

In preparation for trial, plaintiffs, by their counsel, fixed a time for the taking of the depositions of Feinman, alleged to have been a security officer of defendants at the time of the investigation of the criminal action. Feinman was served with a subpoena requiring his presence to testify on behalf of plaintiffs at depositions and to produce all records of interviews with witnesses and all copies of reports relating to the institution and conduct of the criminal prosecution against the present plaintiffs. Plaintiffs are not seeking disclosure or examination of any reports or documents which were prepared after the conclusion of the prosecution.

Counsel for defendants have filed the present petition for a protective order, contending that the information sought is within the protection of Pa. R. C. P. 4011(d), which reads as follows:

"No discovery or inspection shall be permitted which . . ., (d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or

would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses."

The question presented to us, then, is whether this litigation now pending was anticipated litigation at the time such reports and witnesses' statements were prepared.

We say "this litigation" because it is the only litigation involved; that is to say, the criminal prosecution was not litigation, for we cannot conceive that this rule governing civil practice contemplates criminal prosecutions within the scope of anticipated litigation. In addition, litigation is "a contest authorized by law in a court of justice for the purpose of enforcing a right": Bouvier's Law Dictionary (students ed., 1928) ; Black's Law Dictionary (4th ed.) It is a contest in the courts for the purpose of settling rights between individuals. Criminal prosecutions are not such proceedings : Summerour v. Fortson, 174 Ga. 862, 164 S. E. 809, 811.

We also believe that "anticipation" as used in the rule, connotes reasonable expectation; a probability, not a possibility, for if it is construed to mean a possibility, then almost all customary business reports and investigations would be protected from discovery. Within this concept it seems to us rather paradoxical to contend that the defendants in the present action "anticipated" the criminal actions would fail and as a result thereof the present actions would be instituted.

As was said in Hirsch v. City of Philadelphia, 17 D. & C. 2d 461, 465:

"Our decision might be more difficult were it not for Pa. R. C. P. 126 which requires that the rules be 'liberally construed.' In accordance with this mandate of liberal construction, Pennsylvania courts have repeatedly held that reports prepared in the usual course of a party-litigant's business are not protected from discovery and inspection, even if such reports have an

incidental use in litigation. The test applied by our courts is not whether the information obtained by a party *may* be used in subsequent litigation, nor whether the report was obtained by a party *after* the incident which gave rise to the litigation, but whether the information was obtained specifically for the purpose of preparing for litigation."

Accordingly, we make the following

ORDER

And now, to wit, January 3, 1966, the petition for a protective order under our Pa. R. C. P. 4012 is denied and refused and the rule to show cause granted thereon discharged. Defendants may take the depositions of Ralph Feinman and he shall be required to produce his investigation report and all records of interviews with witnesses and all copies of reports and statements of prosecution witnesses obtained by him. Defendants may exclude from disclosure any statements or investigation reports made or procured subsequent to February 27, 1963.